**STATE of Tennessee, Appellee,**

**v.**

**Joseph Timothy BIGGS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 29, 1988.

Permission to Appeal Denied by Supreme Court April 3, 1989.

Kim A. Tollison, Knoxville, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Debra K. Inglis, Asst. Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., William H. Crabtree, Asst. Dist. Atty. Gen., Knoxville, for State of Tenn.

## OPINION

WADE, Judge.

The defendant, originally indicted for aggravated kidnapping and aggravated rape, entered a plea of guilt to one count of rape and subsequently applied for probation. The trial court denied the request and sentenced the defendant to ten years imprisonment. The defendant filed a notice of appeal. Afterward, the defendant sought a reconsideration of the denial of probation. The trial court's determination that the filing of the appeal divested its jurisdiction to reconsider resulted in a second appeal.

In this consolidated appeal, the defendant presents two issues:

1. Whether the trial court erred in its denial of probation; and

2. Whether the trial court erred in its determination that it lacked jurisdiction to act upon the defendant's motion for reconsideration of probation.

This court finds that while the trial court did not err in its denial of probation, it did have jurisdiction to consider the motion for reconsideration by the authority of Rule 35 of the Tennessee Rules of Criminal Procedure. The cause is remanded to the trial court for a hearing on the merits of the motion.

The facts of the case, as stipulated at the submission hearing, were that the defendant and two other men abducted a woman after she entered their vehicle with the understanding that she would be given a ride to a location within Knox County. The three then took the victim to their residence and raped her, both vaginally and orally.

## I

The defendant contends that he was erroneously denied probation in the original application. When one convicted of a felony challenges the length, range or manner of the service of his sentence, it is the duty of this court to conduct a *de novo* review of the sentence without a presumption of correctness. Tenn.Code Ann. § 40–35–402(d); *State v. Moss,* 727 S.W.2d 229, 238–239 (Tenn.1986); *State v. Smith,* 735 S.W.2d 859, 863 (Tenn.Crim.App.1987).

The burden of proof is on the defendant to show that he is entitled to probation. *Frazier v. State,* 556 S.W.2d 239 (Tenn. Crim.App.1977). Among the factors to be considered are (1) the nature and circumstances of the offense, (2) the defendant's criminal record, social history, and present condition, and (3) the deterrent effect upon and best interests of the defendant and the public. *State v. Grear,* 568 S.W.2d 285 (Tenn.1978).

In considering the circumstances of the offense, the court may go beyond the negotiated plea and consider the "true nature" of the crime. *State v. Hollingsworth,* 647

S.W.2d 937, 939 (Tenn.1983). The pre-sentence report contains a statement by the victim which indicates that she was raped numerous times throughout the night by at least three men, often by more than one man at a time. Furthermore, the victim was held captive for a lengthy period of time during which the criminal acts occurred. These facts represent a particularly shocking and reprehensible crime. *See State v. Travis,* 622 S.W.2d 529, 534 (Tenn. 1981).

The defendant, a twenty-four year old male, has three prior convictions for public drunkenness and a prior conviction for disorderly conduct. He served time in jail for each incident. A charge of assault and battery was dismissed upon his payment of costs.

The defendant's social history indicates that he quit school in the tenth grade to join the Marine Corps. He was discharged under other than honorable conditions due to his being absent without leave for 34 days and his destruction of government property during a fight. He did, however, receive a graduate equivalent diploma in November of 1986.

The defendant has an extensive history of alcohol and drug usage. At age 22, he completed a residential alcohol abuse program and attended Alcoholics Anonymous meetings on a monthly basis. The defendant denies any use of alcohol or drugs since his rehabilitation. He has been separated from his wife since 1982 and has neither seen nor supported his six year old son.

Although employed at the time of sentencing as a laborer and part-time plumber's helper, the defendant, who received excellent marks from a vocational training program related to the Tennessee Air National Guard, has a sporadic work history since his discharge from the military.

Upon the application of the principles governing entitlement to probation, it is the considered opinion of this court that the circumstances in this matter, on balance, necessitate denial in order to avoid deprecating the seriousness of the offense. *See* Tenn.Code Ann. § 40–35–103(1)(B). Al-

though it is not a prerequisite to admit guilt in order to obtain probation, *State v. Gautney,* 607 S.W.2d 907 (Tenn.Crim.App. 1980), the defendant, according to the pre-sentence report, not only denies his guilt but fails to show remorse for his actions. These factors may appropriately be considered in the ultimate determination of whether a defendant should be returned to the community on probation. *See State v. Neeley,* 678 S.W.2d 48, 49 (Tenn.1984); *State v. Grear,* 568 S.W.2d 285, 287 (Tenn. 1978); *State v. Poe,* 614 S.W.2d 403 (Tenn. Crim.App.1981).

Upon *de novo* review of the record presented by the initial proceeding, this court denies the application for probation.

## II

The defendant next contends that the trial court erred in denying his motion for reconsideration of probation due to a lack of jurisdiction.

The guilty plea was entered March 3, 1987. The judgment denying probation was dated April 14, 1987. On April 27, 1987, the defendant filed a motion to reconsider probation based on his counsel's discovery that defendant has been hospitalized twice within the last two years for attempted suicide and had a history of mental illness. While it appears from supportive affidavits that the defendant's family initially chose not to divulge this information to trial counsel for fear of public exploitation and the possible adverse effect on their son's health, it was alleged that the defendant had been an inpatient at Lake Shore Mental Health Center at age 16 for six months. None of this information surfaced in the pre-sentence investigation.

On April 28, 1987, the defense counsel, in apparent fear that the time to appeal would expire before the motion was finally determined in the trial court, filed a notice of appeal from the trial court's earlier denial of probation.

On January 21, 1988, the trial court denied the motion for reconsideration for lack of jurisdiction due to the prior filing of a notice of appeal. The defendant then ap-

pealed the order and the issue was consolidated with his previous appeal of probation denial.

■ Although not originally designated as such, the defendant contends that his motion to reconsider was in essence a pleading authorized by Rule 35 of the Tennessee Rules of Criminal Procedure:

> **Rule 35. Correction or Reduction of Sentence.**—(b) The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing. If the application is denied, the defendant may appeal but the defendant shall not be entitled to release on bond unless the defendant is already under bond. If the sentence is modified, the state may appeal as otherwise provided by law. A modification can only be as to any sentence the court could have originally imposed.

This rule, which became law in 1984, empowers the trial court to reduce a sentence upon application filed within 120 days after the sentence is imposed or probation revoked. Unlike the rule's federal counterpart, the time for filing the motion begins to run immediately upon the imposition of sentence and is not tolled by any appeal. Comment to Rule 35, Tenn.R.Crim.P.; Rule 35, Federal Rules of Criminal Procedure (1966).

The last sentence of the rule provides that a "modification can only be as to *any sentence the court could have originally imposed.*" Rule 35, Tenn.R.Crim.P. (emphasis added.) The comment is as follows:

> The intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice. The modification permitted … is *any modification otherwise permitted by the law when*

*the judge originally imposed sentence.* (emphasis added.)

While the state argues that the defendant by his motion to reconsider did not seek a reduction of the sentence and that request for probation is not tantamount to a request to reduce, it cites no authority for its position. Probation was certainly one option at the original sentencing. The comment is supported by the court's interpretation of Rule 35 of the Federal Rules of Criminal Procedure in *U.S. v. Golphin,* 362 F.Supp. 698 (W.D.Penn.1973); that court considered essentially the same facts as in the case *sub judice:*

> To grant probation in lieu of imprisonment is … obviously a reduction of the sentence. To hold otherwise would be to exalt distinctions without difference and fly in the face of common sense and the will of Congress as embodied in Rule 35. (emphasis added.)

*Id.* at 699.

■ This court concludes that the motion for reconsideration of probation in this instance was in effect a Rule 35 request for a reduction of sentence and, in fact, the proper procedural remedy for the relief sought. The significant question then becomes whether the trial judge properly determined that the notice of appeal divested the court from the jurisdiction necessary to entertain the motion. Because the rule affords the opportunity to request relief for a period of one hundred and twenty days from the imposition of sentence and the time is not tolled in this state by any direct appeal, it necessarily follows that the trial court maintained jurisdiction to consider the application. Irrespective of the appeal of the denial of probation, the trial court, by the clear expression of the rule, retains jurisdiction for any Rule 35 motion filed within 120 days of the imposition of sentence. The application was filed within 13 days. The prior appeal did not affect the trial court's authority to consider the motion.[1]

1. This court is not unmindful of the potential, adverse effect upon its judicial economy occasioned by the application of the rule when an appeal is pending. A *de novo* review of any sentencing issue is mandated in this court by the legislature. A trial court's reconsideration

The cause is remanded to the trial court for consideration of the motion in accordance with the guidelines of Rule 35 of the Tennessee Rules of Criminal Procedure.

DAUGHTREY and BIRCH, JJ., concur.

of a sentence under Rule 35 will often result in a duplication of effort by this court in its review

of the same issue.