# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
April 2000 Session

## STATE OF TENNESSEE v. ANTHONY JEROME STOKES

**Appeal from the Criminal Court for Hamilton County**
**No. 198820      Douglas A. Meyer, Judge**

---

### No. E1999-00953-CCA-R3-CD

---

The defendant entered guilty pleas in 1995 to one count of murder in the first degree and one count of murder in the second degree, the sentences to be served consecutively. In 1997, he testified as a prosecution witness at the trial of a co-defendant in the homicide cases. In 1999, he filed a petition to enforce an alleged agreement with the State that he would be resentenced to concurrent sentences in exchange for this testimony. The trial court denied the petition and he timely appealed. Based upon our review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ALAN E. GLENN, J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

Anthony Jerome Stokes, Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; William H. Cox, District Attorney General; and C. Leland Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Anthony Jerome Stokes, initially indicted on two counts of first degree murder, was convicted in the Hamilton County Criminal Court, upon his guilty plea, of one count of murder in the first degree and one count of murder in the second degree. Judgment was entered on June 15, 1995, and the defendant was sentenced as a Range II offender to life in prison for first degree murder and thirty years for second degree murder, with the life sentence to be served consecutively to the thirty-year sentence. The defendant's sentence was according to a plea bargain agreement with the State that included the withdrawal of the State's request for the death penalty and the dismissal of an especially aggravated robbery charge. In this *pro se* appeal as of right, the defendant does not challenge the validity of his conviction or sentencing on June 15, 1995, but only the subsequent nonperformance by the State of an alleged agreement made on March 18, 1997, to reduce his sentence in exchange for his testimony at the trial of his co-defendant, William Henry

Harrison. The defendant contends that the State promised to send a letter of support to the Board of Paroles and to alter his sentence from consecutive service to concurrent service in exchange for his testimony. Although such a letter was sent by the assistant district attorney to the Board of Paroles, the defendant's sentence was not reduced. We hold that, even if such an agreement was made by the State, the State was without authority to alter the defendant's sentence, and the trial court's jurisdiction to alter the defendant's sentence, pursuant to Tennessee Code Annotated Section 40-35-319(b), had terminated. The judgment of the trial court denying defendant's petition for enforcement of agreement, which we treat as a Tennessee Rule of Criminal Procedure 35(b) motion for reduction of sentence,[1] is affirmed.

## BACKGROUND

This defendant has woven a complicated web of various filings since his judgment became final in 1995, including his petition for post-conviction relief, which was denied by this court on April 23, 1999. See Anthony Jerome Stokes v. State, No. 03C019710CR00477, 1999 WL 281339, (Tenn. Crim. App., Knoxville, Apr. 23, 1999). On April 27, 1999, the defendant filed a petition for enforcement of the agreement he alleged he had with the State to reduce his sentence in exchange for his testimony at his co-defendant's trial. His petition for enforcement of agreement was denied by the trial court on May 7, 1999. On May 27, 1999, the defendant filed a notice of appeal and a request that the record be sent to this court. That appellate record was filed on September 17, 1999. On December 6, 1999, some six months after the denial by the trial court of defendant's petition for enforcement of agreement, Karla Gothard, defense counsel for the defendant at the time of his guilty plea, purportedly executed an affidavit that the defendant has vigorously sought to make part of the record before this court. The affidavit was struck by order of this court, on January 4, 2000, as not part of the record on appeal of the trial court's denial of his petition for enforcement of agreement. The defendant then filed a "writ of error coram nobis" on January 25, 2000, asserting that the trial court erred in failing to hold a hearing on his petition for enforcement of agreement and, shortly thereafter, a motion to amend the "writ" or, in the alternative, a petition to reopen a previously dismissed petition for post-conviction relief, to which was attached the purported Gothard affidavit. The writ of error coram nobis and the motion to amend were denied by the trial court. The denial was affirmed by this court on May 16, 2000.[2] See State v. Anthony Jerome Stokes, No. E2000-

---

[1] In State v. Biggs, 769 S.W.2d 506, 509 (Tenn. Crim. App. 1988), perm. app. denied (Tenn. 1989), this court concluded that a defendant's motion to reconsider the trial court's denial of probation should be treated as a Rule 35(b) request for a reduction of sentence, which was the "proper procedural remedy for the relief sought."

[2] The writ of error coram nobis is made available to convicted criminal defendants pursuant to Tennessee Code Annotated Section 40-26-105. Its codification notwithstanding, modern post-conviction procedures have relegated this writ "into obscurity." State v. Mixon, 983 S.W.2d 661, 667 (Tenn. 1999). The purpose of the writ of error coram nobis, as codified today, remains consistent with its common law purpose: "'[I]t required the reconsideration of a judgment by a court which had already made a final disposition of the cause . . . .' As such, the common law writ of error coram nobis did not encompass complaints about errors or mistakes in the judgment . . . ." Id. (quoting Note, The Writ of Error Coram Nobis, 37 Harv. L.Rev. 744 (1924)). Instead, the relief available allowed a trial court to correct its own judgment upon "discovery of a substantial factual error not appearing in the record which, if known at the time of judgment, would

(continued...)

01015-CCA-R28-PC (Tenn. Crim. App., Knoxville, May 16, 2000). The issue now before this court is whether the trial court erred when it denied the defendant's petition for enforcement of agreement, i.e., defendant's Tennessee Rule of Criminal Procedure 35(b) motion.

## ANALYSIS

In this case, the defendant pled guilty to the second degree murder of April Steward and the first degree murder of Carla Teems. He was sentenced according to his plea agreement with the State, and judgment was entered by the trial court.

Once a trial court has accepted a plea agreement, "the district attorney general has no further authority in the proceedings." State v. Hodges, 815 S.W.2d 151, 153 (Tenn. 1991). The sentence is imposed by the trial court. See Tenn. Code Ann. § 40-35-203 (1997). Generally, a defendant may not appeal a sentence "imposed as the result of an agreed plea arrangement." State v. Grady Hargrove, 1993 WL 300759, at *2 (Tenn. Aug. 9, 1993). On this issue, Tennessee Rule of Appellate Procedure 3(b) provides the following:

> Availability of Appeal as of Right by Defendant in Criminal Actions.
> — In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved with the consent of the state and the trial court the right to appeal a certified question of law dispositive of the action, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already

---

[2](...continued)
have prevented the judgment from being pronounced." Id.

A criminal defendant must seek relief from judgment by writ of error coram nobis "within one year of the date on which the judgment of conviction became final in the trial court." Id. at 670. Nothing in its history, modern judicial interpretation, or statutory language casts doubt on the application of the writ of error coram nobis, in criminal cases, solely to judgments of conviction. Here, the defendant's judgment of conviction became final on June 15, 1995. Defendant's petition, filed on January 25, 2000, styled "Writ of Error Coram Nobis," was, therefore, time-barred. Furthermore, the relief sought—i.e., that the trial court's prior denial of his petition for enforcement of agreement be set aside— is not available by means of a writ of error coram nobis because such relief is unrelated to the trial court's final disposition of his cause, i.e., his conviction for the April 3, 1993, murders of April Steward and Carla Teems. Even if the affidavit of Karla Gothard, or any other piece of evidence for that matter, were to show conclusively that the State made a promise to alter the defendant's sentence in exchange for his testimony on March 18, 1997, that evidence would be irrelevant to a writ of error coram nobis because such evidence would have nothing to do with defendant's guilt or innocence. Additionally, even if the Gothard affidavit were a part of the record presently before this court, such evidence would not alter our disposition of this appeal.

had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

None of the exceptional circumstances included within Rule 3(b) apply to the defendant.

Once judgment is final, the trial court generally loses jurisdiction to amend it. See State v. Moore, 814 S.W.2d 381 (Tenn. Crim. App.), perm. app. denied (Tenn. 1991). There are limited exceptions. Tennessee Code Annotated Section 40-35-319(b) states: "Except as provided in § 40-35-212(d) or Rule 35(b) of the Tennessee Rules of Criminal Procedure, once the judgment becomes final in the trial court, such court shall have no jurisdiction or authority to change the sentence in any manner."

The first exception to this rule, Section 40-35-212(d), provides for the retention of jurisdiction by the trial court over the manner of service of a sentence to the Department of Correction as follows:

> [T]he court shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the department. Such jurisdiction shall continue until such time as the defendant is actually transferred to the physical custody of the department.

The defendant here is not awaiting transfer to the Department of Correction; therefore, this limited exception does not apply to save the jurisdiction of the trial court over defendant's sentence.

The second exception, Tennessee Rule of Criminal Procedure 35(b), provides:

> (b) Reduction of Sentence. — The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing. If the application is denied, the defendant may appeal but the defendant shall not be entitled to release on bond unless the defendant is already under bond. If the sentence is modified, the state may appeal as otherwise provided by law. A modification can only be as to any sentence the court could have originally imposed.

Appellate rules are deemed laws of this state. See Tennessee Dept. of Human Services v. Vaughn, 595 S.W.2d 62, 63 (Tenn. 1980). Therefore, Rule 35(b) cannot, by law, confer the

-4-

jurisdiction to the trial court to modify the defendant's sentence unless the defendant's application was filed within the defined statute of limitations. The defendant filed his petition to enforce the agreement with the prosecutor, which we treat here as a Rule 35(b) motion, on April 27, 1999. His sentence was imposed on June 15, 1995. The defendant's Rule 35(b) motion is outside the 120-day limit and is, therefore, time-barred. Accordingly, this second, limited exception to Tennessee Code Annotated Section 40-35-319(b) does not apply to grant the trial court authority to alter the defendant's sentences. The trial court properly dismissed his motion.

## CONCLUSION

We conclude that the trial court was without jurisdiction to alter or modify the defendant's sentence once judgment, consistent with the defendant's guilty plea agreement with the State, became final, and that the only relief available to the defendant to save jurisdiction of the court to modify the manner of his sentence was pursuant to exceptions set out in Tennessee Code Annotated Section 40-35-319(b). Although the defendant's petition to enforce an agreement with the State to modify the manner of service of his sentence is not styled a Rule 35(b) motion, we treat it as such, being the proper procedural remedy for the relief sought, and conclude that his Rule 35(b) motion is time-barred. The judgment of the trial court dismissing his motion is affirmed.

_____
ALAN E. GLENN, JUDGE