# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1997 SESSION

FILED

March 18, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9701-CR-00036 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. ARTHUR T. BENNETT, |
| HELEN K. DAVIS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Probation Denial) |

FOR THE APPELLANT:

A. C. WHARTON, JR.
Shelby County Public Defender

TONY BRAYTON (on appeal)
Assistant Public Defender
201 Poplar Avenue, Suite 201
Memphis, TN 38103

TERESA JONES (at trial)
Assistant Public Defender
201 Poplar Avenue, Suite 201
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

KENNETH W. RUCKER
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

LEE COFFEE
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

JERRY L. SMITH,
JUDGE

**OPINION**

The defendant, Helen K. Davis, appeals as of right from convictions of three (3) counts of simple robbery, Class C felonies. She pled guilty and agreed to concurrent terms of eight (8) years as a Range II offender. The sole issue presented for review is whether the trial court erred in denying the defendant probation. We affirm the judgment of the trial court.

**I.**

The defendant alleges the trial court improperly denied probation in her case. She alleges the trial court's denial of probation was based on a predetermined policy of denying probation to all persons indicted for aggravated robbery, but who later plead guilty to the lesser offense of simple robbery.

The defendant agreed to an effective sentence of eight (8) years. Since the offense of robbery is not specifically excluded, the defendant is eligible for probation consideration. Tenn. Code Ann. § 40-35-303 (a).

**II.**

When reviewing sentencing issues, including probation, this Court conducts a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401 (d). Probation is a privilege which may be granted to a defendant who is eligible and worthy. Stiller v. State, 516 S.W.2d 616, 620 (Tenn. 1974). Factors to consider include the defendant's criminal record, social history, present physical and mental condition, the circumstances of the offense, the deterrent effect upon the criminal activity of the defendant as well as others, and the defendant's potential for rehabilitation. Id.

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tenn. Code Ann. § 40-

2

35-103(1):

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

*See* State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

## III.

The facts reveal that the defendant used cocaine for approximately seventeen (17) years before her arrest. She actually committed three (3) robberies with a deadly weapon, but was allowed to plead guilty to simple robbery. Subsequent to her arrest, the defendant underwent treatment for her drug problem and had several witnesses testify that she has made great progress toward rehabilitation.

The trial court, however, noted that while the defendant was being sentenced for three (3) simple robberies, she in fact committed three (3) aggravated robberies. The actual crimes were crimes of violence to the person. It is proper for a trial court to "look behind" the plea and consider the offenses actually committed. State v. Hollingsworth, 647 S.W.2d 937, 939 (Tenn. 1983); State v. Biggs, 769 S.W.2d 506, 507 (Tenn. Crim. App. 1988). We also note that, had she been convicted for the offenses actually committed, she would not be eligible for probation. One committing aggravated robbery is not eligible for probation. Tenn. Code Ann. § 40-35-303 (a).

The trial court placed great emphasis on not depreciating the seriousness of the offenses committed by the defendant. We agree. In addition, the defendant's illicit use of cocaine for seventeen (17) years evidences an extensive period of criminal activity even though not resulting in convictions. Further, the record does not reveal that the trial court denied probation as a matter of "policy."

3

We find no reason to disturb the ruling of the trial court.

The judgment of the trial court is AFFIRMED.

_____
**JERRY L. SMITH, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**CURWOOD WITT, JUDGE**