# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY 31, 1998 SESSION



**FILED**

September 11, 1998

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **NO. 02C01-9707-CR-00251** |
| Appellee, | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JOHN P. COLTON, JR.,** |
| **LATOYA ANDERSON,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Denial of Probation) |

**FOR THE APPELLANT:**

**MARVIN E. BALLIN**
**MARK A. MESLER**
Ballin, Ballin & Fishman, P.C.
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103-2328

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**JANET L. SHIPMAN**
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

**OPINION FILED:** _____

**SENTENCES MODIFIED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Latoya Anderson, pled guilty in the Shelby County Criminal Court to one (1) count of simple robbery, a Class C felony, and one (1) count of fraudulent use of a credit card, a Class E felony. The trial court imposed concurrent Range I sentences of three (3) years for robbery and one (1) year for fraudulent use of a credit card. The trial court further denied probation. In her sole issue on appeal, defendant challenges the trial court's denial of probation. After a thorough review of the record, we affirm the denial of total probation but modify the sentence to split confinement.

**I**

**A.**

On May 23, 1996, Susan Ray was walking in a Kroger parking lot when an automobile occupied by the defendant and Reginald Pegues approached her. One of the occupants demanded Ray's purse, to which she responded, "no." Pegues then brandished a revolver, and Ray handed over her purse.

Approximately thirty (30) minutes later, defendant and Pegues used Ray's VISA credit card to purchase $10 in gas in Mississippi. Ray's driver's license and ATM card were found in the parking lot of the gas station. Subsequently that day, defendant and Pegues were apprehended at a Goldsmith's store in Shelby County while they were attempting to use Ray's Goldsmith's credit card to purchase items. The police searched their vehicle and recovered Pegues' .32 caliber revolver.

**B.**

Defendant and Pegues were indicted on one (1) count of fraudulent use of a credit card and one (1) count of aggravated robbery.[1] Defendant pled guilty to one (1) count of fraudulent use of a credit card and one (1) count of the lesser

---

[1] The record is unclear as to the exact disposition of both charges against Pegues. However, the trial judge stated that Pegues received an effective sentence of six (6) years.

offense of simple robbery. The parties agreed to sentences of three (3) years for robbery and one (1) year for fraudulent use of a credit card, but submitted the issue of alternative sentencing to the trial judge.

## C.

At the sentencing hearing, defendant testified that she was not aware that Pegues was planning to rob someone until the incident occurred. She stated that she and Pegues were "just riding around," and suddenly, Pegues pulled out his gun and robbed Ray.

Defendant was a twenty-one (21) year old high school graduate with one year of college. She had no prior convictions or arrests and was employed at the time of the hearing. She testified that the incident was a "mistake" and expressed remorse for the victim.

The defendant requested judicial diversion or, in the alternative, total probation. The state opposed judicial diversion and noted that defendant was a good candidate for probation, but requested "shock incarceration."

In rejecting the position of the defendant and the state, the trial court noted that while defendant pled guilty to simple robbery, a deadly weapon was used in the commission of the offense. The trial court further determined that, although the defendant claimed that she did not know that a robbery would take place, she willingly attempted to obtain merchandise through the fraudulent use of a credit card obtained in the robbery. The trial court also found a need for general deterrence. The trial court concluded that, in the interest of the "public" and the "victim," a suspended sentence would not be appropriate "in this kind of case" and ordered that defendant serve her entire three (3) year sentence in incarceration.

From the trial court's ruling, defendant brings this appeal.

**II**

3

**A.**

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

**B.**

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. State v. Byrd, 861 S.W.2d 377, 380 (Tenn. Crim. App. 1993). However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); *see* Tenn. Code Ann. § 40-35-303(b).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v.

4

Ashby, 823 S.W.2d at 169.

## C.

The trial court found that a suspended sentence would depreciate the seriousness of the offenses. In making this determination, the court observed that the robbery was committed with a deadly weapon. However, we must note that the defendant pled guilty to simple robbery. Although she conceded that she knew the co-defendant always carried a weapon, she denied knowing that he intended to use it to accomplish the robbery. It was not a stipulated fact that she knew a weapon would be used.

We recognize that the trial court may look behind a plea agreement and consider the true nature of the offense committed. *See* State v. Hollingsworth, 647 S.W.2d 937, 939 (Tenn. 1983); State v. Biggs, 769 S.W.2d 506, 507 (Tenn. Crim. App. 1988). However, under these circumstances, defendant in essence pled guilty to simple robbery based upon criminal responsibility for the conduct of her co-defendant (aider and abettor). This mitigates against the seriousness of the offense factor considered by the trial court.

The trial court further found the need for general deterrence. However, there was no proof as to this factor. *See* State v. Davis, 940 S.W.2d 558, 560 (Tenn. 1997); State v. Ashby, 823 S.W.2d at 170.

The trial court initially questioned defendant's credibility and noted she and the co-defendant were in his car, and four (4) purses were seized from the trunk. The evidence at the hearing showed that the car belonged to defendant's mother and the purses were hers. These facts were brought to the court's attention just prior to the trial court's announcing the denial of probation.

To the defendant's credit, the trial court found that the co-defendant was the "moving party" in these offenses. The trial court further noted that defendant had no prior criminal history and her present condition and social history were positive factors.

In summary, the defendant was a twenty-one (21) year old high school graduate with one (1) year of college. She was gainfully employed and had no prior

convictions or arrests. Her social history and present condition favored the granting of some form of alternative sentencing. She was not the leader but aided in the robbery offense; however, she was actively involved in the fraudulent use of the credit card. The only incarceration factor set forth in Tenn. Code Ann. § 40-35-103(1) that has limited application is the seriousness of the offense. Defendant is presumed to be a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6). There is no evidence to indicate negative rehabilitation potential. The state has failed to rebut the presumption for some form of alternative sentencing short of incarceration for the full three (3) year term.

We are, therefore, constrained to agree with the state's position at the probation hearing; namely, the defendant is a "candidate for probation" after she serves a limited time of incarceration.

## CONCLUSION

After a careful review of the record, we agree with the state's position at the probation hearing. We affirm the denial of total probation but modify the sentence to require the defendant to serve a total of 120 days on each case followed by concurrent three (3) year and one (1) year terms of supervised probation.

---
**JOE G. RILEY, JUDGE**

**CONCUR:**

---
**PAUL G. SUMMERS, JUDGE**

6

**DAVID G. HAYES, JUDGE**