IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 20, 2000

## STATE OF TENNESSEE v. KENNETH ALLEN SISCO

**Appeal from the Criminal Court for Davidson County**
**No. 98-C-1836     Steve Dozier, Judge**

_____

**No. M2000-00036-CCA-R3-CD - Filed October 30, 2000**

The Defendant pleaded guilty to the offense of robbery.  His plea agreement provided that he would be sentenced as a Range II multiple offender, with the length of the sentence to be determined by the trial judge.  Following a sentencing hearing, the judge sentenced him to ten years in the Department of Correction.  On appeal, the Defendant argues that the trial judge erred by setting his  sentence at ten years.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

Diane House and Jeffrey A. DeVasher, Assistant Public Defenders, Nashville, Tennessee, for the appellant, Kenneth Allen Sisco.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Jon Seaborg, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant was indicted for the offenses of aggravated robbery and aggravated assault.[1] Both charges grew out of the Defendant's actions in forcibly obtaining certain prescription drugs from a drugstore in Nashville.  The State's recitation of the underlying facts at the Defendant's guilty plea proceeding was as follows:

> Your Honor, having gone to trial on this matter, we would've shown that, on the twenty-third day of June, nineteen-ninety-nine, the police were called to a Walgreen's here in Nashville, Davidson County, where a robbery-in-progress was reported.

_____

[1]See Tenn. Code Ann. §§ 39-13-402, -102.

It turned out that the Defendant had come into the Walgreen's, gone back to the pharmacy area, spoke with the pharmacist in just general terms, and then sat down and waited for four or five minutes.

Defendant then got up out of the chair, came over to the counter, and in his hand had a barbeque fork that, I believe, was taken from the shelf of the store itself. He threatened the pharmacist with the fork, demanding that he get Xanax.

The — at one point the pharmacist, I think, tried to give him a generic drug rather than the brand name. He demanded the brand name, then ordered the pharmacist to open the bottle and pour the pills down his throat.

The pharmacist refused to do that. The suspect then told him to put the pills in his hand. He poured approximately ninety-four pills into this Defendant's hand.

The Defendant then swallowed the pills, walked around to the waiting area of the pharmacy, and sat there and waited for the police to get there. The Defendant was taken to the hospital and treated for the overdose from the Xanax.

There was another individual who was there, by the name of Michael Wasson (phonetic), who attempted to come to the back of the store and break up what was going on and, in the struggle, got poked in the hand with the fork; but this was when he was attempting to take the fork away from the Defendant.

Pursuant to a plea agreement, the Defendant pleaded guilty to the lesser included offense of robbery, a Class C felony.[2] The State agreed to dismiss the aggravated assault charge. The plea agreement provided for a sentence of eight to ten years in the Department of Correction, with the exact length and manner of service of the sentence to be determined by the trial court. After conducting a sentencing hearing, the trial judge sentenced the Defendant to serve ten years in the Department of Correction. The Defendant appeals from the sentence imposed by the trial court, asking this Court to reduce the length of his sentence.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988); Tenn. Code Ann. §§ 40-35-102, -103, -210.

---

[2] See Tenn. Code Ann. § 39-13-401.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The presentence report reflects that at the time of sentencing the Defendant was thirty-four years old, a high school graduate, and unmarried. He had a rather lengthy history of criminal convictions, most of which resulted from his alcohol and drug abuse problems. In spite of his criminal history, he had been fairly regularly employed by a car washing business. He was described as an "excellent worker when he was here. Not always dependable. Good natured and friendly when sober."

The Defendant reported heavy alcohol use from age twelve until the time of his arrest, along with the use of Xanax, Valium and marijuana from age eighteen until the time of his arrest. He reported that he had completed a thirty-day drug treatment program in 1995 and a seven-day drug treatment program in 1999. The Defendant testified at his sentencing hearing. He acknowledged his long-standing drug and alcohol abuse problems. He stated that during the twenty-four hour period before he committed the offenses at the Walgreen drugstore, he had taken about thirty Xanax pills and had also been drinking beer. He acknowledged that he went into the drugstore to get more Xanax pills. At the time of sentencing, he had been incarcerated for several months and had completed another drug treatment program. His record of criminal convictions included felony attempt to obtain drugs by fraud, misdemeanor attempt to obtain prescription drugs by fraud, possession of marijuana, possession of drug paraphernalia, two DUI convictions, reckless driving, public intoxication and two felony reckless endangerment convictions. At the sentencing hearing, he requested probation, stating, "I mean, uh — it — it's time for me to grow up and take responsibility for my [life] and quit using drugs and alcohol and become a productive member of society. That's what I've come into court and ask a chance to become now."

On appeal, the Defendant does not argue that he should have received probation. He does argue that the trial judge erred in setting his sentence at the maximum of ten years, and he asks this Court to reduce the length of his sentence. In setting the Defendant's sentence at ten years, the trial judge considered the facts and circumstances of the offense, particularly that the Defendant was pleading to a reduced charge of robbery and that the aggravated assault involving the other victim had been dismissed.[3] As an enhancement factor, the trial judge considered that the Defendant had a previous history of criminal convictions or criminal behavior in addition to that being necessary to establish the appropriate range. The Defendant does not dispute the applicability of that factor. See Tenn. Code Ann. § 40-35-114(1).

---

[3]"[T]he trial court may look behind a plea agreement and consider the true nature of the offense committed." State v. Latoya Anderson, No. 02C01-9707-CR-00251, 1998 WL 599527, at *3 (Tenn. Crim. App., Jackson, Sept. 11, 1998) (citing State v. Hollingsworth, 647 S.W.2d 937, 939 (Tenn. 1983); State v. Biggs, 769 S.W.2d 506, 507 (Tenn. Crim. App. 1988)).

The trial judge also found and applied as an enhancement factor that the felony resulted in death or bodily injury or involved the threat of death or bodily injury to another person and the Defendant had previously been convicted of a felony that resulted in death or bodily injury. See id. § 40-35-114(11). The trial judge based this factor on the Defendant's prior convictions for felony reckless endangerment because it appeared that the convictions involved the use of a knife. However, the State concedes that the trial judge erred in applying this factor because there is no indication in the record that the previous convictions for reckless endangerment resulted in bodily injury to a victim. In fact, the record reflects that no one was injured in those crimes.[4]

The Defendant argues on appeal that the trial judge erred by not finding as a mitigating factor that the Defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct. See id. § 40-35-113(11). He also argues that the trial court should have applied as mitigating factors the Defendant's expressed remorse for his conduct and his demonstrated desire to continue treatment for his drug and alcohol addiction problem. See id. § 40-35-113(13). Based on our review of the record, we cannot conclude that the trial judge erred by refusing to apply either of these mitigating factors to the Defendant's sentence.

In addition to noting the Defendant's lengthy record, the trial judge pointed out that the serious and violent nature of the Defendant's criminal conduct appeared to be escalating. In this case, the Defendant demonstrated violent behavior against two separate victims. Also, even though the trial judge misapplied one enhancement factor, the State points out that the Defendant has in the past committed crimes while on probation for previous convictions, demonstrating a previous history of unwillingness to comply with the conditions of a prior sentence involving release in the community. See id. § 40-35-114(8).

The sentencing range established by the plea agreement was eight to ten years. Based on our review of the record, we cannot conclude that the trial judge erred or abused his discretion in setting the length of the Defendant's sentence at ten years. The judgment of the trial court is accordingly affirmed.

_____
DAVID H. WELLES, JUDGE

---

[4]The Defendant testified that the charges had originally consisted of aggravated assault with a knife. The victims were the Defendant's brothers, and the charges had subsequently been "dropped to reckless endangerment."

-4-