# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 24, 2002

## STATE OF TENNESSEE v. THOMAS H. WHALEY

### Direct Appeal from the Criminal Court for Sevier County
### No. 8143    Richard R. Vance, Judge

### No. E2001-01476-CCA-R3-CD
### August 21, 2002

The Sevier County Grand Jury returned a two count presentment alleging the defendant committed a vehicular homicide by intoxication for the death of one victim and a vehicular assault by intoxication for the serious bodily injury of another victim. The defendant pled guilty to the amended charges of vehicular homicide by recklessness and aggravated assault by recklessness for agreed concurrent sentences of six years and three years, respectively, with the issue of alternative sentencing to be determined by the trial court. The trial court sentenced the defendant to split confinement and ordered the defendant to serve nine months "day-for-day" in the county jail with the remainder of his six-year effective sentence on supervised probation. In this appeal, the defendant alleges he should have received community corrections, or alternatively, he received excessive confinement. We conclude the trial court improperly ordered the defendant to serve his nine months of confinement "day-for-day," thereby depriving him of the opportunity to earn good conduct credits. We remand for deletion of the day-for-day requirement; however, we affirm the trial court in all other respects.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed as Modified; Remanded

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Dennis C. Campbell, Sevierville, Tennessee, for the appellant, Thomas H. Whaley.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; and Charles E. Atchley, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On March 15, 2000, Larry Moore and Teresa Allen were traveling in a vehicle when they were struck by a vehicle driven by the defendant. Moore was killed; Allen was seriously injured, necessitating numerous surgeries and the amputation of her left foot. The defendant was driving recklessly at a high rate of speed; he registered a .09 % blood alcohol level; he told officers "he had been consuming moonshine that day for most of the day;" and officers found moonshine in his vehicle.

## ALTERNATIVE SENTENCING

### A. Standard of Review

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. Tenn. Code Ann. § 40-35-303(b); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In determining if incarceration is appropriate, a trial court may consider the need to avoid depreciating the seriousness of the offense. Tenn. Code Ann. § 40-35-103(1)(B).

### B. Trial Court's Findings

The trial court concluded the defendant was unsuitable for total probation based on the circumstances of the crime and found incarceration was necessary to avoid depreciating the seriousness of the offenses. The trial court further concluded the defendant exhibited a lack of candor and had failed to take responsibility for his actions. The trial court then noted the defendant's positive attributes and sentenced the defendant to nine months "day-for-day" in the county jail with the remainder of his effective six-year sentence to be served on supervised probation.

### C. Analysis

Initially, we note the trial court entered a final judgment on May 14, 2001; the defendant filed a timely notice of appeal on May 29, 2001; a document entitled "Motion to Reconsider" was filed in the trial court on May 29, 2001; the trial court overruled the Motion to Reconsider on October 10, 2001; and the defendant filed an "Amended Notice of Appeal" on November 8, 2001.

The trial court loses jurisdiction upon the filing of a notice of appeal. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). Accordingly, any action taken by the trial court following the filing of the notice of appeal is void. *See id.* In this situation, the trial court denied the motion to reconsider; thus, this error has no practical effect on the substantive merits of this appeal.

The defendant contends he should have received community corrections as an alternative to split confinement. Generally, an offender who is guilty of a "crime[] against the person" is not eligible for a community corrections sentence. *See* Tenn. Code Ann. § 40-36-106(a)(2). Vehicular homicide by recklessness and aggravated assault by recklessness are statutorily delegated as crimes against the person. *See* Tenn. Code Ann. §§ 39-13-213(a)(1), -102(a)(2)(A). However, an offender who commits a crime against the person and is eligible for probation is likewise eligible for a community corrections sentence if the trial court determines:

> (1) the offender has a history of chronic alcohol, drug abuse, or mental health problems; (2) these factors were reasonably related to and contributed to the offender's criminal conduct; (3) the identifiable special need(s) are treatable; and (4) the treatment of the special need could be best served in the community rather than in a correctional institution.

State v.Grigsby, 957 S.W.2d 541, 546-47 (Tenn. Crim. App. 1997); *see* Tenn. Code Ann. § 40-36-106(c). In the instant case, the trial court made no such findings, and for reasons stated hereafter, we will not disturb the trial court's denial of community corrections.

Although the defendant pled guilty to vehicular homicide by recklessness and aggravated assault by recklessness, the trial court at sentencing "may go beyond the negotiated plea and consider the 'true nature' of the crime." State v. Biggs, 769 S.W.2d 506, 507 (Tenn. Crim. App. 1988). The trial court may deny "full probation" based on a finding that such a denial is necessary to avoid depreciating the seriousness of the offense. State v. Butler, 880 S.W.2d 395, 401 (Tenn. Crim. App. 1994). Furthermore, the trial court may properly consider lack of candor and failure to take responsibility as they reflect upon potential for rehabilitation. *See* Tenn. Code Ann. § 40-35-103(5); State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); State v Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994). The trial court acted well within its discretion by ordering the defendant to serve nine months in split confinement. We also observe that split confinement is a form of alternative sentencing. *See* Tenn. Code Ann. § 40-35-104(c)(5). The defendant has not met his burden of showing this aspect of his sentence was improper. *See* Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

Although neither argued by the defendant nor brought to our attention by the state, we note the trial court was not authorized to order the defendant to serve his nine months in the county jail "day-for-day," thereby depriving the defendant of good conduct credits. Good conduct credits apply to felons serving less than one year in the county jail or workhouse. *See* Tenn. Code Ann. § 41-2-111(b); State v. James Kevin Underwood, No. E2000-01945-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 585, at *8 (Tenn. Crim. App. Aug. 2, 2001, at Knoxville); *see also* State v. Clark, 67 S.W.3d 73, 78 (Tenn. Crim. App. 2001). Accordingly, we modify the time of confinement to the extent of

deleting the "day-for-day" language.  Therefore, defendant will be entitled to any good conduct credits he earns, which will apply toward his nine months of confinement.

We remand to the trial court for entry of amended judgments deleting the "day-for-day" language and affirm the judgments of the trial court in all other respects.

_____

JOE G. RILEY, JUDGE