IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 11, 2017

**STATE OF TENNESSEE v. DESHAN SANDERS**

**Appeal from the Circuit Court for Henderson County**
**No. 14-069-2     Donald H. Allen, Judge**

_____

**No. W2016-02191-CCA-R3-CD**
_____

The Defendant, Deshan Sanders, received a five-year suspended sentence pursuant to a plea agreement, but that sentence was later fully revoked after a hearing. The Defendant then filed a motion to reduce his sentence, asking the trial court to reconsider its revocation decision. The Defendant appeals the denial of his motion. Upon review, we affirm the judgment of the Henderson County Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Samuel W. Hinson, for the appellant, Deshan Sanders.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; James G. ("Jerry") Woodall, District Attorney General; and Angela R. Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

The record in this case consists only of the technical record, which contains the pleadings, orders, motions, notices, and other documents that were filed in the trial court. Indeed, the technical record contains a notice filed by the Defendant's attorney that, pursuant to Tennessee Rule of Appellate Procedure 24(d), "no transcript shall be filed in this matter." While the notice also provides that the Defendant is "not precluded . . . from filing a Statement of the Evidence" under the Rule, no such Statement of the Evidence appears in the record, indicating counsel's intention to rely entirely on the technical record.

From the sparse record, it appears that the Defendant pled guilty on August 19, 2014, to aggravated assault, misdemeanor theft, and simple possession of marijuana. See Tenn. Code Ann. §§ 39-13-102, -14-103, -17-418. In exchange for his plea, the Defendant received an effective five-year sentence as a Range I, standard offender, which was suspended to "probation supervised by Community Corrections" following service of sixty days' incarceration.

Thereafter, a violation affidavit and warrant were issued against the Defendant on June 8, 2016. Specifically, the affidavit alleged that the Defendant violated the conditions of his suspended sentence as follows:

1. Fail to obey the law; [the Defendant] was arrested by Lexington Police Dept. on 5/28/16 and charge[d] with Aggravated Assault with [a] Deadly Weapon, Reckless Endangerment.
2. Fail to make monthly court payments as ordered; [the Defendant] has not made monthly court payments toward court cost/fines. [The Defendant] has paid a total of $266.00 balance is $2,348.00.
3. Fail to pay monthly supervision fees; [the Defendant] owes $315.00 in supervision fees.

A revocation hearing was held on August 16, 2016. The trial court found that the Defendant had violated his suspended sentence and ordered the Defendant to serve the balance of his five-year sentence in confinement with credit for time served. The revocation order, filed the same day as the hearing, reflects that the Defendant "admitted the violations" and that the trial court determined that the Defendant was "in violation in a substantial way based upon a preponderance of the evidence."

The Defendant then filed a "Motion to Reduce Sentence." In the motion, the Defendant argued that full revocation of his sentence was "unduly harsh and against the underlying purpose of the criminal justice system" and that "it would be more appropriate to allow [him] to be reinstated on his original probation so that he may resume work and pay off all of his required costs, fines, and fees." The Defendant noted the following circumstances in his favor: 1. "That . . . while on probation [the Defendant] never missed an appointment with his probation officer and maintained employment."; 2. "That [the Defendant] admitted to [the trial court] that his reason for not making his required payments was because of his other obligations to pay child support as well as his obligation to pay for living expenses."; and 3. "That despite being arrested and charged with additional crimes, [the Defendant] has [pled] not guilty to said charges and has a good faith belief that he will be acquitted."

An order denying the motion was filed on January 3, 2017. It was stated in the order that "[t]his cause came to be heard and was heard on the 30th day of September

2016, upon an arrest warrant filed in this matter upon allegations of [the] Defendant's violation of his probation and upon [the] Defendant's Motion to Reduce Sentence."[1]  It was also noted therein,

> At the September 30th hearing, counsel for [the] Defendant, acting on behalf of [the] Defendant, admitted to the violations, but argued that [the] Defendant was innocent until proven guilty of the 5/28/2016 charges and that [the] Defendant's failure to pay costs, fines, and fees were due to the fact that he currently has existing child support obligations.

The trial court, "after hearing argument from counsel for [the] Defendant and argument from the State," concluded that the "Defendant had violated his probation in a material and substantial way and revoked his probation and order[ed] him to serve the entire five-year sentence and additionally denied [his] Motion for Reduction of Sentence."

The Defendant's notice of appeal document was filed on October 28, 2016.  The notice provides that the Defendant is appealing the trial court's ruling on September 30, 2016, denying the Defendant's "Motion to Reduce Sentence" and does not reference the trial court's August 16, 2016 initial decision to revoke the Defendant's suspended sentence.  The case is now before us for our review.

## ANALYSIS

On appeal, the Defendant asserts that the trial court abused its discretion by revoking his probation, framing his issue as follows:  "Whether the trial court erred in sentencing [the Defendant] to serve [five] years in the Tennessee Department of Correction[] based on (i) [the Defendant's] new arrest and criminal charges, (ii) his failure to pay monthly court costs, and (iii) his failure to pay monthly fees."  Specifically, he contends that he is "innocent" of the May 28, 2016 charges and that his failure to make monthly payments as required was not willful.  The State responds that the Defendant failed to timely appeal the trial court's August 16, 2016 decision and that the appeal should be dismissed.  Alternatively, the State responds that the trial court properly exercised its discretion in revoking the Defendant's probation and ordering him to serve the remainder of his five-year sentence in confinement, noting that the Defendant admitted to the violations.

Initially, the State argues that the Defendant "chose not to file a notice of appeal" from the trial court's August 16, 2016 revocation order, and therefore, "any challenge to

---

[1] It is unclear from the record whether a hearing actually occurred on September 30, 2016.  In a response to the State's motion to dismiss filed in this court, the Defendant's attorney states that "[t]here was not a hearing in this matter," but "[r]ather, both the defense and the State agreed to submit the matter to the [c]ourt on briefs only."

the probation revocation is not properly before this court." However, the Defendant's notice of appeal document specifically provides that the Defendant is appealing the trial court's denial of his "Motion to Reduce Sentence." While the Defendant did not specifically reference a rule of procedure in his motion, the Defendant's motion to reduce his sentence was a request for the trial court to reconsider its original August 16, 2016 decision revoking the Defendant's probation and ordering incarceration. This court has held that a motion for reconsideration of probation is in effect a request for a reduction of sentence under Tennessee Rule of Criminal Procedure 35. See State v. Biggs, 769 S.W.2d. 506, 509 (Tenn. Crim. App. 1988); see also State v. Delavan Beniamin Mohammed, No. M2011-02552-CCA-R3-CD, 2013 WL 1874789, at *5 (Tenn. Crim. App. May 3, 2013).

Tennessee Rule of Criminal Procedure Rule 35(a) provides, in pertinent part, "The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked." (Emphasis added). Accordingly, the Defendant's motion was permitted by Rule 35 of the Tennessee Rules of Criminal Procedure. Moreover, the right to appeal the trial court's denial of Rule 35 relief is promulgated in Rule 35 itself. Tenn. R. Crim. P. 35(d) ("The defendant may appeal the denial of a motion for reduction of sentence but shall not be entitled to release on bond unless already under bond. If the court modifies the sentence, the state may appeal as otherwise provided by law."). The Defendant's appeal shall be treated as an appeal from the denial of his Tennessee Rule of Criminal Procedure 35 motion and not an appeal from the merits of the original sentencing decision.

The standard of review in a Rule 35 appeal is whether the trial court abused its discretion when acting upon the motion. State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993). "The intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." Tenn. R. Crim. P. 35, Advisory Comm'n Cmts.; see also State v. Hodges, 815 S.W.2d 151, 154 (Tenn. 1991). As such, Rule 35 relief is generally inappropriate when the defendant has "failed to show that post-sentencing information or developments ha[ve] arisen to warrant a reduction of his sentence in the interest of justice." State v. McDonald, 893 S.W.2d 945, 948 (Tenn. Crim. App. 1994); see also State v. Ruiz, 204 S.W.3d 772, 778 (Tenn. 2006).

There is nothing in the record which demonstrates that the trial court abused its discretion when it denied the Defendant's "Motion to Reduce Sentence." The trial court's order denying the Defendant's motion notes that,

> [a]t the September 30, 2016 hearing, counsel for [the] Defendant, acting on behalf of [the] Defendant, admitted to the violations, but argued that [the] Defendant was innocent until proven guilty of the 5/28/2016 charges and

-4-

that [the] Defendant's failure to pay costs, fines, and fees were due to the fact that he currently has existing child support obligations.

These seem to be the same arguments presented at the August 16, 2016 revocation hearing. However, the Defendant, through his counsel, has chosen not to present this court with a transcript or Statement of the Evidence of what occurred at that hearing.

We are able to discern from the record that, at the revocation hearing, the Defendant admitted the violations in the warrant and that he informed the trial court "that his reason for not making his required payments was because of his other obligations to pay child support as well as his obligation to pay for living expenses." In the "Motion to Reduce Sentence," the Defendant submitted, "That despite being arrested and charged with additional crimes, [the Defendant] has [pled] not guilty to said charges and has a good faith belief that he will be acquitted." It appears that the Defendant maintained his "innocence" at the revocation hearing as well. Furthermore, the revocation order dispenses with the probation violation issues and the "Motion to Reduce Sentence" as seemingly interchangeable.

The Defendant is merely attempting to re-raise the same arguments presented at the August 16, 2016 revocation hearing. The record does not establish that the Defendant presented the trial court with evidence of a change in circumstances sufficient to warrant a reduction or suspension of his sentence "in the interests of justice." See State v. Arzell A. Harman, No. E2016-00551-CCA-R3-CD, 2017 WL 2839744, at *3 (Tenn. Crim. App. July 3, 2017) (citing State v. Sabrina Howard, No. W2014-02309-CCA-R3-CD, 2015 WL 8334629, at *3 (Tenn. Crim. App. Dec. 9, 2015)). In fact, the Defendant's argument on appeal does not focus on any abuse of discretion by the trial court in denying the motion but rather relates to the trial court's allegedly improper reasons for revoking probation. See State v. Jamie Paul Click, No. E2015-01769-CCA-R3-CD, 2017 WL 1189750, at *23 (Tenn. Crim. App. Mar. 30, 2017) (affirming under similar circumstances), perm. app. denied (Tenn. Aug. 16, 2017). As such, we conclude that the trial court did not abuse its discretion in denying the Defendant's motion to reduce his sentence.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
D. KELLY THOMAS, JR., JUDGE