IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. CARL E. COUCH

**Direct Appeal from the Criminal Court for Hardin County**
**No. 7807   C. Creed McGinley, Judge**

---

**No. W1999-00645-CCA-R3-CD - Decided July 28, 2000**

---

The defendant appeals his split sentence of 60 days confinement plus 1 year and 4 months of probation for the offense of reckless endangerment with a deadly weapon. The defendant contends in this appeal that the trial court erred in denying him total probation. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

RILEY, J., delivered the opinion of the court, in which TIPTON and WILLIAMS, JJ., joined.

Curtis F. Hopper, Savannah, Tennessee, for the appellant, Carl E. Couch.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The defendant had been involved in a dispute with his brother over the sale of land  and ongoing litigation for grain payments that the defendant never received. The dispute served as a catalyst for the events that occurred in this case.

On December 20, 1998, the defendant was deer hunting. When he returned from hunting, he noticed that someone had vandalized his truck. The defendant immediately assumed that the vandal was his brother, the victim in this case.

The defendant went to the victim's house and, in a fit of rage, pounded on the front door trying to get into the home. The defendant eventually broke down the front door and entered the home with a rifle in hand.

As the defendant entered the victim's home, the victim locked himself inside the bathroom. The defendant then proceeded to beat down the bathroom door with the butt of the rifle. The victim kneeled in a corner in the bathroom begging the defendant not to kill him. Once the defendant got into the bathroom, he severely beat the defenseless victim. At some point, the defendant was joined by his other brother, who was also charged with this offense.

The defendant was indicted for the offense of aggravated assault, a Class C felony. Based upon a negotiated plea agreement, the defendant pled guilty to reckless endangerment with a deadly weapon, a Class E felony, with an agreed sentence of 1 year and 6 months. The manner of service was to be determined by the trial court. The defendant was given a split sentence of 60 days confinement plus 1 year and 4 months probation. This appeal followed.

## SENTENCING

A.     Standard of Review

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* Ashby, 823 S.W.2d at 169.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467, 476-77 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

B.    Full Probation v. Split Confinement

The defendant contends that the trial court erred in failing to grant him full probation and in sentencing him to split confinement.  We disagree.

Initially, we note the record does not contain a transcript of the guilty plea.  The facts underlying the offense were disputed at the sentencing hearing and were important to the trial court's sentencing determinations.  In the absence of the guilty plea transcript which would provide this court with the factual basis for the plea, we may presume the trial court's sentencing determinations are correct.  State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999); State v. Coolidge, 915 S.W.2d 820, 826 -27 (Tenn. Crim. App. 1995).  Nevertheless, there is a sufficient record before this court to enable us to conclude that the trial court properly sentenced the defendant.

The victim testified at the sentencing hearing that the defendant entered his home in a fit of rage with a rifle in his hand, but that the defendant threw the rifle aside and proceeded to beat him with a shower curtain rod.  The defendant testified similarly.  However, in a statement made to the Sheriff's Department by the victim shortly after the beating occurred, the victim stated that while he kneeled in the corner of the bathroom begging the defendant not to kill him, the defendant beat him with the gun.  It is apparent that the trial judge did not find the defendant, nor the victim, to be truthful.

This court has stated that untruthful testimony during sentencing hearings can be the basis for a denial of probation.  Dowdy, 894 S.W.2d at 305; State v. Jenkins , 733 S.W.2d 528, 534-36 (Tenn. Crim. App. 1987).  This position is predicated upon the belief that the candor of the defendant "is probative of his attitudes towards society and prospects for rehabilitation, and is thus a relevant factor in the sentencing process."  Dowdy, 894 S.W.2d at 306.  The trial judge was in a much better position than this court to judge the demeanor and credibility of the defendant.  We yield to his assessment of the defendant's lack of candor.

The trial court also noted that both the defendant and his other brother participated in the offense; however, the defendant was the leader in the commission of the offense.  *See* Tenn. Code Ann. § 40-35-114(2).  An enhancement factor can properly be considered in determining whether alternative sentencing should be imposed.  State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).

In making the sentencing determination, the trial judge also considered the need to avoid depreciating the seriousness of the crime.  *See* Tenn. Code Ann. § 40-35-103(1)(B).  The trial judge stated that "this is the type situation that lends itself to horrible violence; it's a symptom of violence in our society and cannot be overlooked in its entirety by the court."  The record readily supports the trial judge's observation.

The trial court has the authority to look behind the plea agreement and consider the true nature of the offense committed.  State v. Hollingsworth, 647 S.W.2d 937, 939 (Tenn. 1983); State

v. Biggs, 769 S.W.2d 506, 507 (Tenn. Crim. App. 1988). At a minimum the facts show that the defendant actually committed the offenses of aggravated burglary and aggravated assault, both Class C felonies. *See* Tenn. Code Ann. §§ 39-14-403, 39-13-102 (a)(1)(B). We concur with the trial court's finding that some time of incarceration is necessary in order to avoid depreciating the seriousness of the offense. *See* Tenn. Code Ann. § 40-35-103(1)(B).

Although the defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. Boggs, 932 S.W.2d at 477; Tenn. Code Ann. § 40-35-303(b). The defendant has not met his burden. In view of the findings by the trial court, we can only conclude that the denial of total probation was proper.

## **CONCLUSION**

Based upon our review of the sentencing record, the sentence imposed by the trial court is affirmed.