IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 9, 2001 Session

## STATE OF TENNESSEE v. CHARLES STILLWELL

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-12965     W. Otis Higgs, Jr., Judge**

---

**No. W2000-00392-CCA-R3-CD  - Filed May 1, 2001**

---

The defendant appeals the trial court's six-year sentence of total confinement and denial of any form of an alternative sentence.  After review, we reverse the trial court's order of total confinement and denial of any form of an alternative sentence.  We remand the case to the trial court to order the defendant to serve a sentence of split confinement with one (1) year of incarceration and the remaining five (5) years on supervised probation with restitution as a condition of probation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Tim W. Smith, Memphis, Tennessee, for the appellant, Charles Stillwell.

Paul G. Summers, Attorney General and Reporter; Laura E. McMullen, Assistant Attorney General; William L. Gibbons, District Attorney General; and Jerry Kitchen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Charles Stillwell, was indicted by the Shelby County Grand Jury in November of 1998 for violation of Tennessee Code Annotated section 39-14-105(5), theft over $60,000, a Class B felony.  The defendant pled guilty to violation of Tennessee Code Annotated section 39-14-105(4), theft over $10,000, a Class C felony, and the court accepted the defendant's plea and sentenced him to an agreed six-year sentence and a $500 fine.  The manner of service of this sentence was determined after a hearing and the defendant was ordered to serve his entire six-year sentence in confinement.  The trial court denied the defendant any form of an alternative sentence.    The

defendant now appeals the trial court's denial of any alternative sentence and his appeal is properly before this court.

## Facts

In October or November of 1997, the defendant, a manager at the Service Merchandise store in the Mall of Memphis, became aware that he would be given an ultimatum at the first of the upcoming year that he would be transferred to another location. The defendant was extremely upset about this transfer because he had been transferred many times before by previous employers. Upon becoming aware of this transfer, the defendant began stealing money from the Service Merchandise store. He stole the money by taking the deposit bag, signing the deposit receipt that indicated an armored truck had picked up the deposit, and placing the deposit receipt in the accounting book. He kept approximately $50,000 in cash and threw away approximately $100,000 worth of checks in a dumpster.

A detective from the Memphis Police Department requested that the defendant come to the police department to answer questions regarding the missing money. The defendant initially denied any knowledge of the theft; however, at the conclusion of the meeting he told the detective he wanted to do the right thing and he needed to go talk to an attorney and the Service Merchandise Loss Prevention Department. The defendant then met with Service Merchandise's district loss prevention supervisor, Jody Daniels, and gave Daniels a statement detailing the dollar amount taken. At the time of sentencing, Service Merchandise had recovered only $2731.00 of the $100,000 in checks. After giving this statement to Service Merchandise loss prevention, the defendant turned himself in to authorities.

The defendant was then indicted in November 1998 for violation of Tennessee Code Annotated section 39-14-106(5), theft over $60,000, a Class B felony. Upon an agreement between the State and the defendant, he accepted a six-year sentence and a $500 fine for his plea of guilty to Tennessee Code Annotated section 39-14-106(4), theft over $10,000, a Class C felony. The Shelby County Criminal Court accepted the defendant's plea on February 1, 2000, at which time the court conducted a hearing to determine the manner of service of the sentence.

At the hearing, the defendant testified on his own behalf and admitted to taking the money and the checks. He said that he first took the money because he felt like he needed to protect his family from his future job uncertainty. However, he said that he began going to Tunica and losing the money at the casinos. The defendant said that he had never done anything like this before and expressed shame for his actions. The defendant's wife also testified that her husband had never done anything like this before and had always taken care of their family.

At the conclusion of the hearing, the trial court denied the defendant's request for an alternative sentence and ordered the defendant to serve his six-year sentence in confinement. The defendant appealed and asserts that the trial court erred in denying him an alternative sentence.

**Analysis**

The defendant contends that the trial court erred in denying him an alternative sentence and ordering him to serve his six-year sentence in the workhouse. This court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, our review is de novo with no presumption of correctness. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). Here, the trial court complied with the statutory directives; therefore, our review is de novo with a presumption of correctness. In this case, the defendant, as the appealing party, must show that the sentence is improper. See Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). Theft of property over $10,000 is a class C felony; therefore, this defendant is presumed favorable for an alternative sentence. This presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App.), perm. app. denied, (Tenn. 1994). However, this court is required to attribute great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying. A defendant is eligible for probation if the sentence received by the defendant is eight years or less, subject to some statutory exclusions. Tenn. Code Ann. § 40-35-303(a). This defendant was sentenced to a six-year sentence and is therefore eligible for probation.

In determining an appropriate sentence, a court should consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 as they relate to the section 40-35-103 considerations. State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996); see Tenn. Code Ann. § 40-35-210(b)(5). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. See Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467, 476-77 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

It is further presumed that a sentence other that incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Byrd, 861 S.W.2d at 380. Although probation must be considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). Because the defendant here is seeking probation, he bears the burden on appeal of showing the sentence imposed is improper, and that probation will be in the best interest of him and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of both the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

Probation may be denied based solely on the circumstances surrounding the offense. State v. Hartley, 818 S.W.2d 370, 374 (Tenn. Crim. App. 1991). However, the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree; and the nature of the offense must outweigh all factors favoring probation. Hartley, 818 S.W.2d at 374-75.

In determining if incarceration is appropriate, a trial court considers: (1) the need to protect society by restraining a defendant having a long history of criminal conduct; (2) the need to avoid depreciating the seriousness of the offense; (3) whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses; and (4) whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see also Ashby, 823 S.W.2d at 169; State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

The trial court made the following findings in denying the defendant any form of alternative sentence:

(1)     The defendant, as the manager of this store, previously assisted in the prosecution of individuals who had stolen from the store. See Tenn. Code Ann. § 40-35-114(15).

(2)     The defendant abused a position of public or private trust by causing others to lose their jobs as a result of this particular store being closed as a result of the defendant's thefts. See id.

(3)     Confinement is necessary to avoid depreciating the seriousness of the offense, given the large amount of money taken by the defendant. See Tenn. Code Ann. § 40-35-103(1)(B).

(4)     Six years of confinement is particularly suited to provide an effective deterrent to the community. <u>See</u> <u>id.</u>

(5)     The defendant was less than candid when explaining his motivation for committing the offense, finding this lessening his suitability for probation. <u>See</u> Tenn. Code Ann. § 40-35-103(5); <u>Dowdy</u>, 894 S.W.2d at 306.

The trial court denied total probation based on the circumstances of the offense, the need for deterrence, and the defendant's lack of credibility as to why he committed the offense. <u>See</u>, <u>e.g.</u>, <u>State v. Hooper</u>, 29 S.W.3d 1 (Tenn. 2000); <u>Dowdy</u>, 894 S.W.2d at 306; <u>Hartley</u>, 818 S.W.2d at 374-75. Furthermore, the trial court found that incarceration was appropriate to avoid depreciating the seriousness of the offense and because of the need for deterrence. <u>See</u> Tenn. Code Ann. § 40-35-103(1)(B).

In arriving at a proper sentence and its manner of service, the sentencing court is entitled to inquire into the nature and circumstances of the criminal conduct involved. Tenn. Code Ann. § 40-35-210(b)(4); <u>State v. Hollingsworth</u>, 647 S.W.2d 937, 939 (Tenn. 1983). Indeed, the court may look behind a plea agreement and consider the true nature of the offense committed. <u>See</u> <u>Hollingsworth</u>, 647 S.W.2d at 939; <u>State v. Biggs</u>, 769 S.W.2d 506, 507 (Tenn. Crim. App. 1988); <u>State v. Anderson</u>, No. 02C01-9707-CR-00251, 1998 WL 599527, (Tenn. Crim. App., filed Sept. 11, 1998, at Jackson). In the present case, the defendant pled guilty to theft of property over $10,000, a Class C felony. <u>See</u> Tenn. Code Ann. § 39-14-105(4). The defendant stipulated that the amount of money he stole was approximately $100,000 in checks and approximately $50,000 in cash. Thus, the proof supports a Class B felony. <u>See</u> Tenn. Code Ann. § 39-14-105(5). The amount of money actually taken in the instant offense is clearly of an excessive amount for a conviction for theft over $10,000. <u>See</u> <u>State v Hartley</u>, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991); <u>see also</u> Tenn. Code Ann. § 40-35-103(1)(B). Furthermore, the trial court found that the defendant was less than candid when explaining his motivation for committing this crime, thus, lessening his potential for rehabilitation. Therefore, we agree with the trial court's conclusion that the defendant is not an appropriate candidate for total probation.

Although we agree with the trial court's conclusion that the defendant is not an appropriate candidate for total probation, we do not agree with the trial court's conclusion that the defendant should not receive any form of alternative sentence and should serve the entire sentence in confinement. As noted above, the trial court partially based its decision both to deny probation and to order confinement on the need for deterrence. However, after our review of the Tennessee Supreme Court's decision in <u>State v. Hooper</u>, 29 S.W.3d 1 (Tenn. 2000), we find very little evidence in this record that supports the factors set out in <u>Hooper</u> for applying the need for deterrence.

As the State points out, the trial court based the need for deterrence on the fact that the defendant had prosecuted shoplifters in court and that other people who steal smaller amounts are incarcerated. The State also argues that the trial court found the need for deterrence because of the defendant's managerial position and because "equity required the trial court to order confinement" as a means of deterrence in this community. We find little evidence in the record to support these

findings. At best, the trial court's finding of the need for deterrence is supported by the need to deter this particular defendant from committing such offenses in the future. However, "some aspect of deterrence is present in every case." Hooper, 29 S.W.3d at 9. This case is no different, and we find that the trial court relied too heavily on that factor in denying the defendant any form of alternative sentence.

We do, however, find sufficient evidence supporting the trial court's conclusion that some incarceration is appropriate to avoid depreciating the seriousness of the offense. The defendant here pled to a Class C felony, theft over $10,000. However, the proof supports a conviction for a Class B felony. Given the trial court's ability to look behind a plea agreement and consider the true nature of the offense committed, the trial court properly concluded that some incarceration is appropriate to avoid depreciating the seriousness of this offense. See Hollingsworth, 647 S.W.2d at 939. Therefore, some incarceration is appropriate.

Considering that this defendant is presumed a favorable candidate for an alternative sentence, after our de novo review, we find that the trial court erred in relying so heavily on deterrence as its basis for denying this defendant some form of an alternative sentence. However, there is ample evidence in the record to support the trial court's finding that some form of incarceration is appropriate to avoid depreciating the seriousness of this offense.

## Conclusion

Given the defendant's lack of any prior criminal record, the lack of evidence in the record that confinement is appropriate to deter others likely to commit similar offenses, and the defendant's presumption of favorability for an alternative sentence; we reverse the trial court's denial of any alternative sentence. However, given the excessive amount of money taken by the defendant, the record supports the trial court's finding that some confinement is appropriate to avoid depreciating the seriousness of this offense. Therefore, we reverse the trial court's denial of an alternative sentence and order the defendant to serve a sentence of split confinement with one (1) year of incarceration and the remaining five (5) years on supervised probation. Furthermore, restitution is ordered as a condition of probation.[1] This case is remanded to the trial court for entry of a judgment consistent with this opinion and for the imposition of any conditions of probation, in addition to restitution, reasonably related to the purpose of the defendant's sentence.

_____

[1] In determining restitution for the victim's pecuniary loss, the trial court will be required to consider the financial resources and future ability of the defendant to pay or perform. Tenn. Code Ann. § 40-35-304(d); see also, State v. Alford, 970 S.W.2d 944 (Tenn. 1998) (defining "victim," within the context of restitution, as individual against whom offenses were actually committed).

JOHN EVERETT WILLIAMS, JUDGE