IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 7, 2001 Session

## STATE OF TENNESSEE v. MARCUS J. TURCO

**Direct Appeal from the Criminal Court for Shelby County**
**No. I98-00168    John P. Colton, Jr., Judge**

---

**No. W2001-01085-CCA-R3-CD - Filed September 14, 2001**

---

This is an appeal by the State of Tennessee from an order granting the defendant judicial diversion for the offense of sexual battery. This order was the result of a Tenn. R. Crim. P. 35 motion to reduce a previously ordered sentence of one year in the county jail with all time suspended and supervised probation for one year. Although the Tenn. R. Crim. P. 35 motion was timely filed, the trial court did not act upon the motion until after the original probated sentence had been fully served and expired. Two issues of first impression are presented in this appeal. We conclude that (1) judicial diversion is not a "sentence" and, therefore, may not be granted as Rule 35 relief; and (2) a trial court may not modify a sentence under Rule 35 after the sentence has been fully served and expired. Accordingly, we reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined. DAVID G. HAYES, J., filed a concurring opinion.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Thomas Hoover, Jr., Assistant District Attorney General, for the appellant, State of Tennessee.

Irvin M. Salky (at hearing and on appeal) and Stephen I. Cohen (at hearing), Memphis, Tennessee, for the appellee, Marcus J. Turco.

### OPINION

On April 23, 1999, defendant entered a plea of guilty to the offense of sexual battery with the understanding that the trial court would either place the defendant on judicial diversion or otherwise determine the appropriate sentence. After a sentencing hearing, the trial court entered extensive written findings of fact and conclusions of law denying judicial diversion and imposing

a one-year suspended sentence. An order of probation was entered June 28, 1999, at which time the defendant formally began serving his time on probation.

On July 27, 1999, defendant filed a notice of appeal. On the same date, defendant filed in the trial court a "MOTION FOR NEW TRIAL/HEARING, TO RECONSIDER JUDGMENT AND TO CORRECT OR REDUCE SENTENCE." Defendant's motion was not heard in the trial court prior to the expiration of defendant's probation in June 2000.[1]

The motion was considered by the trial court on November 30, 2000, five months after the previously imposed sentence had been fully served, at which time the trial court agreed to the defendant's request for judicial diversion. On December 8, 2000, an order was entered placing the defendant "on Judicial Diversion for a period of one year, upon the condition that Petitioner receive counseling from Dr. John V. Ciocca on a regular basis during this one year period." The order did not indicate the effect, if any, of the one year of supervised probation already completed. The state timely filed notice of appeal on December 19, 2000.

On January 12, 2001, defendant filed a motion to withdraw his notice of appeal. The motion was granted by this court on January 29, 2001.

### JURISDICTIONAL ISSUE

Generally, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. Tenn. R. App. P. 4(a) and (c); State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). The jurisdiction of the appellate court attaches upon the filing of a notice of appeal; therefore, the trial court loses jurisdiction and has no power to modify or amend the judgment after the filing of the notice of appeal. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). Defendant filed a notice of appeal on July 27, 1999; therefore, the filing of the notice of appeal would ordinarily divest the trial court of any further jurisdiction to modify the judgment of conviction.

However, defendant simultaneously filed with the notice of appeal a Tenn R. Crim. P. 35 motion for a reduction of sentence. This court has determined that the filing of a notice of appeal does not divest the trial court of jurisdiction to hear a timely filed Rule 35 motion. State v. Biggs, 769 S.W.2d 506, 509 (Tenn. Crim. App. 1988).[2] Thus, we conclude the trial court retained

---

[1] On July 27, 2000, the motion was discussed at an in-chambers conference at which time defense counsel noted that the motion had been pending during the entire probationary period but had been continued on previous occasions for various reasons.

[2] Our supreme court has never ruled on this specific issue, although it denied permission to appeal in Biggs.

(continued...)

-2-

jurisdiction to consider the motion since the request was timely made within 120 days after the judgment was entered; however, the trial court had no jurisdiction to modify the sentence other than pursuant to Rule 35.

## JUDICIAL DIVERSION AS A REDUCTION IN SENTENCE

The state contends Rule 35 does not authorize a modification of a judgment of conviction to judicial diversion. This presents an issue of first impression. The state's argument is persuasive. While judicial diversion has been loosely referred to in cases as a "manner of service" of a sentence, it is fundamentally different. *See*, *e.g.*, State v. Harris, 953 S.W.2d 701, 702 (Tenn. Crim. App. 1996) (referring to the "manner of service of the sentence, including the availability of judicial diversion"). Judicial diversion is not listed as a "sentencing alternative" under Tenn. Code Ann. § 40-35-104. Although judicial diversion follows a finding of guilt or plea of guilty, a person placed on judicial diversion is not sentenced for the crime; instead, no judgment of conviction is entered. *See* State v. Johnson, 15 S.W.3d 515, 517 (Tenn. Crim. App. 1999). Upon the granting of judicial diversion, all further proceedings are deferred with the person placed on probation. Tenn. Code Ann. § 40-35-313(a)(1)(A). If the person satisfactorily completes the period of probation, he or she is discharged, the case dismissed, and all records expunged. Tenn. Code Ann. § 40-35-313(a)(2) and (b). If the person violates probation, judicial diversion may be revoked and a sentence imposed. Tenn. Code Ann. § 40-35-313(a)(2); Johnson, 15 S.W.3d at 518.

The Committee Comments to Rule 35 provide that the "modification permitted by this rule is any modification otherwise permitted by the law when the judge originally imposed sentence including but not limited to a transfer to the workhouse or probation to otherwise eligible defendants." Nevertheless, Rule 35 expressly provides that the "modification can only be as to any sentence that the court could have originally imposed." We conclude that judicial diversion is not a "sentence" and is not authorized by Rule 35.

We reject defendant's contention that our Biggs ruling authorized a sentence reduction to judicial diversion. *See* 769 S.W.2d at 509. Biggs concerned a request for reduction to a sentence with probation, not judicial diversion. *Id.* Likewise, we reject defendant's contention that our recent case of State v. Hollie D. Campbell, C.C.A. No. E2000-00373-CCA-R3-CD, 2001 WL 739240 (Tenn. Crim. App. filed July 2, 2001, at Knoxville), recognized judicial diversion as a "sentence." The issue in Campbell related to the length of sentence that could be imposed upon revocation of

---

[2](...continued)
(Tenn. April 3, 1989). As will be apparent subsequently in this opinion, dual jurisdictional consideration of the same issue creates some very unique problems. *See generally*, State v. Bilbrey, 816 S.W.2d 71, 75 (Tenn. Crim. App. 1991). We doubt that Tenn. R. Crim. P. 35 was intended as a vehicle to rehear in the trial court that which was specifically considered and denied, while an appeal of that same issue is pending. Ordinarily, the appropriate remedy would simply be an appeal. *See* Pendergrass, 937 S.W.2d at 837. Nevertheless, we will follow the published Biggs holding for purposes of this appeal. *See* Tenn. Sup. Ct. R. 4(H)(2) (providing that opinions in the official reporter are considered controlling authority).

judicial diversion. Our court specifically recognized that "the very issuance of judicial diversion is to defer not only the entry of the judgment, but any <u>sentence</u> at that time." <u>Campbell</u>, 2001 WL 739240, at *2 (emphasis added).

For these reasons, the trial court was without authority to grant judicial diversion as a form of relief under Tenn. R. Crim. P. 35.

## REDUCTION AFTER SENTENCE EXPIRATION

Even assuming the trial court had authority to grant judicial diversion under Rule 35, that would not necessarily resolve this appeal. The state argues that the trial court may not grant a Rule 35 modification after the sentence has been fully served and expired. This too is an issue of first impression. In order to resolve this issue, an analysis of Rule 35 is necessary.

Rule 35 was not a part of our original Rules of Criminal Procedure, but was added in 1984. Although somewhat similar at the time to its federal counterpart, Fed. R. Cr. P. 35, it is far more limited.[3] *See* Tenn. R. Crim. P. 35 Committee Comments. Rule 35 provides extraordinary relief, does not authorize the stay of the sentence originally imposed, and does not entitle a defendant to bail pending an appeal of an adverse decision. *See* Committee Comments. Although not expressly stated, it is implicit that prompt action upon a Rule 35 request is necessary in order for the defendant or the state to seek meaningful appellate relief.

Under defendant's theory, a timely filed Rule 35 motion tolls the finality of a judgment in the trial court until the trial court rules, even months or years after the sentence has been fully served. Under this theory, even if the appellate court affirmed the denial of judicial diversion, the pending Rule 35 motion in the trial court would prevent the finality of the judgment and still allow the trial court to subsequently grant judicial diversion. This is contrary to all principles of the finality of judgments. The following scenario is possible under this theory:

(1)     the trial court denies judicial diversion, sending the defendant to the state penitentiary for three years;

(2)     that denial is appealed;

(3)     the appellate court affirms the denial;

---

[3]Fed. R. Cr. P. 35 has since been amended several times and presently has no provision authorizing a defendant to seek reduction of a sentence except for "arithmetical, technical, or other clear error." *See* Fed. R. Cr. P. 35 (2001).

(4)     after the penitentiary sentence has been fully served, the trial court grants judicial diversion under a previously and timely filed Rule 35 motion; and

(5)     a further appeal is filed by the state.

Such a scenario was not contemplated by Rule 35 or the Tennessee Rules of Appellate Procedure.

Our view is supported by federal cases decided under the previous version of Fed. R. Cr. P. 35. The previous version of the federal rule provided that the trial court could "reduce a sentence within 120 days after the sentence was imposed. . . ." Fed. R. Cr. P. 35(b)(1979). Under the literal language of the rule, it would appear the federal trial court could not act upon a timely filed motion beyond the 120 day time period. However, most federal courts interpreted the rule to allow the trial court to retain jurisdiction for a reasonable period of time to act upon the motion. *See* United States v. DeMier, 671 F.2d 1200 (8th Cir. 1982); United States v. Mendoza, 581 F.2d 89 (5th Cir. 1978); United States v. Stollings, 516 F.2d 1287 (4th Cir. 1975). Although no fixed time limit dictated whether the federal trial court had acted within a reasonable time in ruling upon a motion for reduction, reasonableness was "evaluated in light of the policies supporting the time limitation and the reasons for the delay in each case." United States v. Smith, 650 F.2d 206, 209 (9th Cir. 1981).

We conclude that a ruling upon a timely Rule 35 motion should be made within a reasonable period of time. We further conclude that, at the very least, the trial court loses jurisdiction to consider a Rule 35 motion once the previously imposed sentence has been fully served and expired.

## CONCLUSION

For the above reasons, we reverse the judgment of the trial court. The case is remanded for entry of a judgment of conviction consistent with that which had previously been entered. The judgment should note that the sentence has been fully served.[4]

_____
JOE G. RILEY, JUDGE

---

[4]We recognize defendant has been placed in a procedural dilemma to the extent that he timely requested Rule 35 relief, eventually secured an order for judicial diversion, dismissed his original appeal, and has now had the order of judicial diversion set aside by this court. We also note our rulings regarding Rule 35 are matters of first impression in this state. Although we in no way are indicating whether this court would entertain a late-filed notice of appeal from the original denial of judicial diversion, such a request is not prohibited by our ruling in the present appeal. *See* Tenn. R. App. P. 4(a) (stating that timely filing of notice of appeal is not jurisdictional but may be waived).