IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION

FILED

November 5, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9701-CR-00015 |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. SETH NORMAN, JUDGE |
| PERCY BROWN, | ) | |
| | ) | (Sentencing - Sexual Battery) |
| Appellant. | ) | |

**FOR THE APPELLANT:**

**KARL DEAN**
Public Defender

**JEFFREY A. DeVASHER (on appeal)**
**HOLLIS I. MOORE, JR. (at hearing)**
Assistant Public Defenders
1202 Stahlman Building
Nashville, TN 37201

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**LISA A. NAYLOR**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**VICTOR S. JOHNSON, III**
District Attorney General

**JAMES W. MILAM**
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue, North
Nashville, TN 37201-1649

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

## OPINION

The defendant, Percy Brown, appeals the sentences imposed by the Davidson County Criminal Court following his guilty plea to two (2) counts of sexual battery. The trial court sentenced defendant as a Range I, Standard Offender, to two (2) years confinement on each count and ordered that the sentences run consecutively. On appeal, defendant argues that the trial court erred in (1) denying alternative sentencing, and (2) imposing consecutive sentences. We affirm the judgment of the trial court.

## FACTS

Defendant was the live-in boyfriend of the victim's mother. The victim stated the defendant sexually assaulted her four (4) times while she was between the ages of ten (10) and thirteen (13).

Defendant was indicted for one (1) count of aggravated sexual battery and two (2) counts of sexual battery.[1] He subsequently entered guilty pleas to two (2) counts of sexual battery.

At the sentencing hearing, the defendant did not deny that he sexually assaulted the victim. He claimed that he suffered from seizures that caused memory blackouts. He alleged that if he did assault the victim, the attacks must have occurred during his seizures.

Pursuant to the plea agreement, defendant was to receive a sentence of two (2) years as a Range I, Standard Offender, for each count of sexual battery. There was no agreement as to concurrent/consecutive sentences, or whether defendant would receive some type of alternative sentence. At the conclusion of the sentencing hearing, the trial court denied alternative sentencing and ordered that

---

[1] One count of sexual battery concerned defendant sexually abusing the victim's friend one night as she was sleeping at the victim's home. This count was dismissed by the state as part of defendant's plea agreement. Although the victim alleges that the defendant sexually assaulted her on four (4) occasions, the state chose to indict the defendant for only two (2) instances of sexual abuse.

the sentences run consecutively.

## SENTENCING STANDARD OF REVIEW

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

## TRIAL COURT FINDINGS

3

The trial court's findings consisted only of the following: (1) the defendant was untruthful in stating he did not recall committing the offenses; and (2) "[t]his Court doesn't have any tolerance for anybody who is sexually abusing young children." No other principles of sentencing were addressed.

Since the record does not show that the trial court considered the relevant sentencing principles, we are unable to afford the sentences a presumption of correctness. We are now required to review the sentences *de novo*. State v. Poole, 945 S.W.2d at 96.

## CONTINUOUS CONFINEMENT

In his first assignment of error, defendant claims that the trial court erred in imposing a sentence of continuous confinement. He argues that he is presumed to be a suitable candidate for alternative sentencing because he was convicted of a Class E felony. Therefore, he contends that the trial court should have placed him on immediate probation or probation following a period of confinement.

### A.

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tenn. Code Ann. § 40-35-103(1):

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

*See* State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less and who is not an

4

offender for whom incarceration is a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380.

However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); see Tenn. Code Ann. § 40-35-303(b). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995).

Probation may be denied based solely upon the circumstances surrounding the offense. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995); Hartley, 818 S.W.2d at 374. However, the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree; and the nature of the offense must outweigh all factors favoring probation. Hartley at 374-75.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that

5

case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

**B.**

In making its determination of the defendant's sentence, the trial court focused on the nature of the offense. The defendant sexually abused a young child over a long period of time. Clearly, the trial court placed great weight on the need to avoid depreciating the seriousness of the offense. Although the trial court's sentence is not entitled to a presumption of correctness, we agree that this sentencing principle is entitled to great weight.

Moreover, in considering the circumstances of the offense, a court may look behind the plea agreement and consider the true nature of the offenses committed. State v. Hollingsworth, 647 S.W.2d 937, 939 (Tenn. 1983); State v. Biggs, 769 S.W.2d 506, 507 (Tenn. Crim. App. 1988). As to Count One, there is no dispute that the victim was under thirteen (13) years of age, making it an aggravated sexual battery. See Tenn. Code Ann. § 39-13-504. Had the defendant been convicted of or pled to aggravated sexual battery, he would not be eligible for probation. Tenn. Code Ann. § 40-35-303(a). Although sexual battery is a probation eligible offense, this Court still may consider the true nature of the offense in determining whether probation is appropriate.

Furthermore, the trial court found that defendant was less than candid in his account as to how the sexual abuse occurred. The defendant's lack of credibility is an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994); State v. Chrisman, 885 S.W.2d 834, 840 (Tenn. Crim. App. 1994). We also agree with the application of this sentencing principle.

In considering these factors along with all the other principles of sentencing, we agree with the denial of alternative sentencing.

**CONSECUTIVE SENTENCING**

6

Defendant also alleges that the trial court erred in imposing consecutive sentences. He asserts that the state failed to establish that consecutive sentences are warranted in this case. As a result, he contends that his sentences should run concurrently.

Tenn. Code Ann. § 40-35-115(b)(5) provides that a court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:

> [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims.

Furthermore, the court is required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

We find the evidence supports consecutive sentencing. The victim testified at the sentencing hearing that she suffered a significant decline in her school work as a result of this abuse and eventually dropped out of high school. She stated that she had an estranged relationship with her mother and had been in the custody of the Department of Human Services for at least six (6) months at the time of defendant's sentencing.

The victim testified that she had not lived with her mother since she was thirteen (13). Although she was in her mother's legal custody, she lived with various relatives due to her deteriorating relationship with her mother. Additionally, the victim's mother testified that the victim suffered from emotional problems as a result of these assaults.

Furthermore, defendant abused a position of trust with the victim as he was living in her home at the time of the abuse. The abuse occurred several times over a three (3) to four (4) year period.

Considering all the factors set forth in Tenn. Code Ann. § 40-35-115(b)(5), we find that consecutive sentencing is justified. *See generally* State v. Melvin, 913 S.W.2d 195, 205 (Tenn. Crim. App. 1995).

We also find that the effective four (4) year sentence is reasonably related to the severity of the sexual abuse of the young child and serves to protect the public from further misconduct by the defendant.

In summary, we find that consecutive sentences were appropriate in the case *sub judice*. This issue is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**WILLIAM M. BARKER, JUDGE**