# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 28, 2011

## STATE OF TENNESSEE v. JACKIE DARRELL MESSER

**Direct Appeal from the Circuit Court for Cocke County**
**No. 1729     Ben W. Hopper, II, Judge**

**No. E2011-00156-CCA-R3-CD - Filed December 5, 2011**

The Defendant-Appellant, Jackie Darrell Messer, was indicted by the Cocke County Grand Jury for rape of a child, a Class A felony. He subsequently entered a guilty plea as a Range I, standard offender to the offense of attempted sexual battery by an authority figure, a Class D felony, with the length and manner of service of the sentence to be determined by the trial court. Following a sentencing hearing, the court imposed a sentence of four years in the Tennessee Department of Corrections. On appeal, Messer argues that the trial court erred in denying his request for an alternative sentence. Upon review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

Edward C. Miller, District Public Defender; Keith E. Haas, Assistant Public Defender, Newport, Tennessee, for the Defendant-Appellant, Jackie Darrell Messer.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; James B. Dunn, District Attorney General; and Tonya D. Thornton, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

**Guilty Plea Hearing.** At the guilty plea hearing on October 26, 2010, the trial court advised Messer of his rights. Messer, age fifty, then informed the court that he was freely

and voluntarily entering a guilty plea to the offense of attempted sexual battery by an authority figure.  The prosecutor summarized the facts in this case:

> The State's proof would have been, on May 31ˢᵗ [sic], 2009, at some point in the morning[,] Mr. Messer was left alone in a bedroom with his girlfriend's, I believe, three-year-old child at the time, Your Honor.  Later that evening, the child told the mother that while they were alone that Mr. Messer had touched her on her vaginal area, that she was hurting down there.  The mother then took her to the doctor and called the detectives, and the detectives went and spoke with Mr. Messer.
>
> He came to the Sheriff's Department, and we had a prior hearing on this, Your Honor, so you heard all of those details previously.  But the gist of [Messer's] statement [was] that he was left alone with the child, that they were laying [sic] on the bed, and when he reached over and touched her on her vaginal area, it lasted only a few seconds, he realized it was wrong and he stopped and he got up and left the bedroom.  He had told . . . the mother[] previously that he should not be left alone with her children for her protection and – for their protection and his own.
>
> . . . .
>
> He had previously – he told the mother – it says, I had told [her] I should not be left alone with her kids.  I told her this for her protection and mine.  Other than this one time, I have never been left alone with her children.

The prosecutor informed the court that Messer had initially been charged with rape of a child and was entering a plea of guilt to attempted sexual battery by an authority figure.  She added that the trial court denied Messer's motion to suppress the statement he gave to law enforcement regarding this case.

**Sentencing Hearing.**  At the sentencing hearing on January 5, 2011, the State entered the presentence investigation report and Messer's statement to law enforcement into evidence.  The prosecutor informed the court that Messer had admitted to touching the victim's vagina in his written statement.  She stated that the district attorney's office made Messer the offer contained in the plea bargain agreement because of the difficulty of trying the case with such a young victim.

The prosecutor, noting that Messer had previously been granted diversion on twenty-one counts of sexual exploitation of a minor, opined that Messer had "a problem with small

children." She added that Messer had told his girlfriend, the victim's mother, "not to let him be around her children, which was for their protection as well as his." The prosecutor argued that, based on the "seriousness of the original charge, the age of the child, and the prior record of Mr. Messer[,]" a sentence of four years in the Tennessee Department of Correction was appropriate.

Defense counsel stated that Messer had abided by all the terms of judicial diversion for the charges regarding sexual exploitation of a minor, but he acknowledged that Messer had not requested that the case be expunged from his record at the end of the diversion period. Defense counsel contended that Messer was considered a favorable candidate for alternative sentencing pursuant to Tennessee Code Annotated section 40-35-102(6) (2006).

Messer then made the following statement to the trial court:

> Your Honor, I would like to add that I no longer am around Cocke County at all. I live in Tazewell. I have a really good job in Kentucky. Next month I'm up for a raise.
>
> I have literally no contact with anyone. I live back in the . . . woods in an area called Cedar Gorge, and I live with a woman who, she put her home up . . . as collateral to get me out on bond. And that's my main reason for asking this Court for probation, because if I don't . . . pay those payments on the bond, she loses her home.
>
> And now I have another reason, another obligation, the financial. I have child support of four hundred and fifty dollars a month that I pay [the victim's mother for a child they had together]. She . . . should get her check out today. I don't think it's arrived yet, but the financial responsibilities that I've got because of this, I can – I can take [care] of. And – and being away from everyone, I can take care of that and complete . . . anything that . . . you so order. Thank you.

Jaime Hance, Messer's sister, testified that Messer helped raise her. She stated that Messer "doesn't come to Cocke County because he doesn't want to put himself in a position to be around [the victim] or to be doing something that he doesn't need to be doing." She added that Messer has kept his distance from family and friends since the incident.

At the conclusion of the sentencing hearing, the trial court imposed a four-year sentence of incarceration. Messer filed a timely notice of appeal.

## ANALYSIS

Messer argues only that the trial court erred in denying him alternative sentencing. In response, the State contends that Messer has failed to show that he is entitled to relief and that the trial court considered the relevant factors before denying the alternative sentence. We agree with the State.

On appeal, we must review issues regarding the length and manner of service of a sentence de novo with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2006). Nevertheless, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The defendant has the burden of showing the impropriety of the sentence. T.C.A. § 40-35-401(d) (2006), Sentencing Comm'n Comments. This means that if the trial court followed the statutory sentencing procedure, made adequate findings of fact that are supported by the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, this court "may not disturb the sentence even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Because the trial court in this case properly considered the sentencing principles and all relevant facts and circumstances, our review is de novo with a presumption of correctness. See Ashby, 823 S.W.2d at 169.

A trial court, when sentencing a defendant, must consider the following:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b) (2006); see also State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002); State v. Osborne, 251 S.W.3d 1, 24 (Tenn. Crim. App. 2007).

Any sentence that does not involve complete confinement is an alternative sentence. See generally State v. Fields, 40 S.W.3d 435 (Tenn. 2001). Tennessee Code Annotated section 40-35-102(5) (2003) gives courts guidance regarding the types of individuals who should be required to serve their sentence in confinement:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration[.]

Messer argues that he is presumed to be a favorable candidate for alternative sentencing. However, under Tennessee Code Annotated section 40-35-102(6) (2006), a defendant who does not require confinement under subsection (5) and "who is an especially mitigated or standard offender convicted of a Class C, D, or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary[.]" T.C.A. § 40-35-102(6) (2006) (emphasis added). A trial court, when imposing a sentence of total confinement, should base its decision on the following factors:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Id. § 40-35-103(1)(A)-(C) (2006); see also Ashby, 823 S.W.2d at 169.

We initially note that the trial court's determination of whether the defendant is entitled to an alternative sentence and whether the defendant is a suitable candidate for full probation are different inquiries with different burdens of proof. State v. Boggs, 932 S.W.2d

467, 477 (Tenn. Crim. App. 1996). Where a defendant is considered a favorable candidate for alternative sentencing, the State has the burden of presenting evidence to the contrary. See State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). However, the defendant has the burden of establishing suitability for full probation, even if the defendant is considered a favorable candidate for alternative sentencing. See id. (citing T.C.A. § 40-35-303(b)).

Messer argues that the State failed to carry its burden of presenting evidence that he was not a favorable candidate for alternative sentencing. He specifically asserts that the State presented no witnesses and no proof to rebut the mitigating factors filed by him. We acknowledge that, because Messer was considered a favorable candidate for alternative sentencing, the State had the burden of presenting evidence to the contrary. See T.C.A. § 40-35-102(6) (2006). A review of the record shows that although the State did not present witnesses, it did enter the presentence investigation report and Messer's written statement to law enforcement into evidence. Moreover, it argued that confinement was necessary in this case because of the "seriousness of the original charge, the age of the child, and the prior record of Mr. Messer[.]" We conclude that the State satisfied its burden. See id. § 40-35-102(6)(D) (stating that a trial court "shall consider, but is not bound by, the advisory sentencing guideline" in section 40-35-102(6)(A)).

We acknowledge that Messer was eligible for probation because his potential sentence was ten years or less and the offense for which he was sentenced was not specifically excluded by statute. Id. § 40-35-303(a) (2006). Here, Messer was facing a sentence of two to four years because he entered a guilty plea as a Range I, standard offender to the offense of attempted sexual battery by an authority figure. Id. §§ 39-12-101, 39-13-527, 39-12-107(a) , 40-35-112(a)(4) (2006). A trial court shall automatically consider probation as a sentencing alternative for eligible defendants. Id. § 40-35-303(b) (2006). However, "the defendant is not automatically entitled to probation as a matter of law." Id. § 40-35-303(b) (2006), Sentencing Comm'n Comments. Rather, the defendant must demonstrate that probation would serve the ends of justice and the best interests of both the public and the defendant. See State v. Souder, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002) (citation omitted).

When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, his present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public. See State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999) (citing State v. Grear, 568 S.W.2d 285 (Tenn. 1978)). In addition, the principles of sentencing require the sentence to be "no greater than that deserved for the offense committed" and "the least severe measure

necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), (4) (2006). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the appropriate sentence. See id. § 40-35-103(5) (2006).

At the conclusion of the sentencing hearing, the trial court applied the enhancement factor that "[t]he defendant ha[d] a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range[.]" Id. § 40-35-114(1) (2006). The court explained the application of this particular factor:

> [W]e have a [defendant with] a past with criminal behavior which is found in this Court's records in Case No. 9438, which was dealt with back in probably November of 2004. I forget how many separate counts there were, twenty, twenty-one or so, charging him with engaging in the possession of material showing minors involved in sexual activity or simulated sexual activity that was patently offensive, which is really a – it's almost a separate and distinct category, and it's recognized in our laws as being a separate and distinct type of an offense.

The court found that Messer had a lack of potential for rehabilitation, given that he had previously received judicial diversion for twenty-one counts of sexual exploitation of a minor. Given Messer's prior offenses involving children, we conclude that the trial court's finding that Messer was a poor candidate for rehabilitation was proper.

The trial court also found that confinement was "necessary to protect society by restraining a defendant who has a long history of criminal conduct" and confinement was "necessary to avoid depreciating the seriousness of the offense[.]" Id. § 40-35-103(1)(A), (B) (2006). Regarding the need to protect society from the defendant, the court determined that the fact that Messer distanced himself from family and friends seemed to be "almost an admission that [Messer was] not capable of being around young children."

Regarding the seriousness of the offense, the trial court described the offense in this case as "impermissible, intolerable." The court added: "[I]t's a bad crime. It's one that I feel incarceration is necessary to protect possibly other young girls [from Messer]. It is necessary to avoid [depreciating] the seriousness of this offense." When considering whether measures less restrictive than confinement had frequently or recently been applied unsuccessfully to the defendant pursuant to section 40-35-103(1)(C) (2006), the court noted that although Messer did not violate the terms of his judicial diversion regarding the twenty- one counts of sexual exploitation of a minor, the alternative sentence in that case did not prevent Messer from committing the offense against the minor victim in this case.

Messer contends that the offense to which he pleaded guilty was not so serious that he should be required to serve his sentence in incarceration. However, a review of the record shows that the trial court's denial of an alternative sentence was proper given the gravity of the offense. A trial court may rely solely on the seriousness of the offense in denying an alternative sentence when the circumstances of the offense are "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree" and the nature of the offense outweighs all the factors favoring an alternative sentence. State v. Bottoms, 87 S.W.3d 95, 103 (Tenn. Crim. App. 2001) (internal quotations and citations omitted); State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991); State v. Travis, 622 S.W.2d 529, 534 (Tenn. 1981). Messer also argues that the trial court improperly considered the seriousness of the initial charge in sentencing the defendant. The State contends, and we agree, that a trial court may look behind a plea agreement to consider the proof of the actual crime committed. See State v. Biggs, 769 S.W.2d 506, 507-08 (Tenn. Crim. App. 1988) (stating that "[i]n considering the circumstances of the offense, the court may go beyond the negotiated plea and consider the true nature of the crime") (internal quotation omitted); State v. Hollingsworth, 647 S.W.2d 937, 939 (Tenn. 1983) (holding that it is "proper for a trial court to look behind the plea bargain and consider the true nature of the offenses committed").

Here, the trial court properly considered the fact that Messer entered a guilty plea to attempted sexual battery by an authority figure, a Class D felony, but was originally charged with rape of a child, a Class A felony, which carries a sentence of fifteen to twenty-five years for a Range I, standard offender. See T.C.A. §§ 39-13-522, 40-35-112(a)(1) (2006). The State explained that it made Messer the offer contained in the plea agreement because of the difficulty of trying a case with a victim so young. However, the evidence, including Messer's confession, showed that he had touched the victim's vaginal area. Accordingly, we conclude that the trial court, in denying an alternative sentence in this case, properly considered the especially reprehensible nature of the offense and the fact that Messer entered a guilty plea to a substantially lesser crime.

Messer also argues that the trial court erred in stating during the sentencing hearing that it did not believe there was a "cure" for Messer's behavior and that there was "no way for [defendants like Messer] to be deterred other than by punishment by incarceration." Messer contends that these comments equate to the trial court improperly using information outside the record in sentencing. See State v. James Allen Bailey, No. E2001-02443-CCA-R3-CD, 2002 WL 2012652 (Tenn. Crim. App., at Knoxville, Aug. 28, 2002). In James Allen Bailey, this court held that the trial court's sentencing decision was not entitled to a presumption of correctness because the court independently and improperly researched pyromania before determining that the defendant's "condition was untreatable" and

sentencing him to fifteen years of incarceration and five years of probation. Id. at *2. We agree that a trial court may not base its sentencing decision on matters outside the record. However, the equivocal statements made by the court, when considered within the context of its findings regarding Messer's prior criminal activity and lack of potential for rehabilitation, do not negate the presumption of correctness afforded to its sentencing decision.

The record shows that the trial court considered the purposes and principles of the sentencing act in this case. The court properly relied on the need to protect society and the seriousness of the offense in denying alternative sentencing. See T.C.A. § 40-35-103(1)(A), (B) (2006). Accordingly, we conclude that the record supports the trial court's denial of an alternative sentence in this case. We further conclude that Messer failed to establish his suitability for full probation.

## CONCLUSION

Upon review of the record, we affirm the trial court's judgment.

_____
CAMILLE R. McMULLEN, JUDGE